PHILIP C. TENCER, ESQ. (Bar No. 173818)
Phil@tencersherman.com
JESSICA L. MULVANEY, ESQ. (Bar No. 294306)
Jessica@tencersherman.com
TENCER SHERMAN, LLP
12520 High Bluff Drive, Suite 240
San Diego, CA  92130
T:  858-408-6900; F:  858-754-1260

Attorneys for Defendants SAYVA SOLUTIONS, INC., and HOLIDAY FOLIAGE, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC. (DBA TGG ACCOUNTING),<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PETRAGLIA; MEGAN ZERBA; SAYVA SOLUTIONS, INC.; GARRETT TAPKEN; ERIK RHOADES; BUBBLY BRANDS, LLC; SASH GROUP, INC.; and HOLIDAY FOLIAGE, INC.,<br><br>Defendants. | CASE NO. 3:19-cv-02007-BAS-KSC<br><br>**DEFENDANT SAYVA SOLUTIONS, INC.'S MOTION TO QUASH SUBPOENAS TO ZOVIO, INC, BUBBLY BRANDS, LLC, SASH GROUP, INC., AND CALIFONRIA SENSOR CORPORATION DBA CALSENSE**<br><br>**HEARING: DECEMBER 14, 2020**<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**JUDGE: HON. CYNTHIA BASHANT**<br>**COMPLAINT FILED:  10/21/2019** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 5.2(e) SAYVA SOLUTIONS, INC. ("SAYVA") moves the Court for an order to quash, or in the alternative, modify, the subpoenas issued by Plaintiff TGG

MANAGEMENT COMPANY, INC. DBA TGG ACCOUNTING ("TGG") to third-parties: Zovio, Inc. ("Zovio"), Sash Group, Inc. ("Sash Group"), California Sensor Corporation DBA Calsense ("Calsense"), and Bubbly Brands, LLC ("Bubbly Brands"). This motion is made following the conference of Counsel that took place on October 30, 2020. This Motion is based on this Notice, the following Memorandum of Points and Authorities, and the concurrently filed declaration of Jessica L. Mulvaney.

## I.  INTRODUCTION

TGGs' Complaint alleges that its former employees John Petraglia ("PETRAGLIA") and Megan Zerba ("ZERBA") misappropriated its trade secrets by copying TGG material prior to terminating their employment. TGG alleges that the material was then placed on SAYVA's systems. As part of a motion for a preliminary injunction, SAYVA hired forensic consultants to remove and permanently delete any TGG data from its systems.

Before engaging in any party discovery, TGG issued sixteen (16) subpoenas to third-party entities and eleven (11) subpoenas to third-party individuals seeking information related to SAYVA. Many of the document requests seek information about SAYVA's services, SAYVA's business model, SAYVA's pricing or rates, third-party individuals' employment with SAYVA, and documents that constitute SAYVA's accounting work product that are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and may result in the disclosure of trade secrets or other confidential research, development or commercial information.  It is clear from even a terse review of these requests that they have nothing to do with establishing whether TGG material was taken or how it may have been used. Instead, it is simply an attempt to use civil discovery to abuse. As such, SAYVA moves to quash the subpoenas issued to Zovio, Inc., Sash Group, Bubbly Brands and Calsense, or in the alternative, modify said subpoenas to remove the above-referenced requests.

## II.  MEET AND CONFER REQUIREMENT

On October 9, 2020, TGG issued sixteen (16) subpoenas to third-parties. (Declaration of Jessica L. Mulvaney in Support of Motion to Quash ("Mulvaney, Decl.") ¶ 2, Exhibits 1-4.)  On October 28, 2020, Ms. Mulvaney emailed Counsel for TGG, Ms. McKellar, to request a telephone call to meet and confer regarding the subpoenas issued by TGG.  (*Id.* at ¶ 4.)  On October 30, 2020, Counsel for the Parties met and conferred on the telephone regarding SAYVA's position on the subpoenas, SAYVA's objections to certain requests, and TGG's position on the objections.  (*Id.* at ¶ 5.) On November 4, 2020, SAYVA's Counsel emailed TGG's Counsel to further meet and confer. (Mulvaney Decl., ¶ 7.)  On November 4, 2020, Counsel for SAYVA requested TGG's Counsel's availability to jointly call the Court in an effort to comply with Judge Crawford's standing order and the local rules. (*Id.* at ¶ 8.)  Counsel responded that a call to the Court would be premature until SAYVA had reviewed the proposed protective order. (*Id.* at ¶ 9.)  Again, on November 4, 2020, SAYVA's Counsel expressed that a protective order would not address the relevance objections and requested Ms. McKellar's availability to call the Court.  (*Id.* at ¶ 10.)

Ultimately, the parties were unable to agree on a mutual time to call the court before filing this motion. (Mulvaney Decl., ¶ 11.)  SAYVA hereby files the instant motion in an effort to timely file the Motion to Quash due to the inability to seek leave cooperatively and file a Joint Motion between the time SAYVA was served the subpoenas on October 9, 2020 and the production date of November 9, 2020. (*Id.* at ¶ 11.)

## III.  ARGUMENT

Fed.R.Civ.P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Rule also provides that [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (*Maxlinear, Inc. v. Silicon Labs, Inc.* 2013 U.S. Dist. LEXIS 109065.)

**TGG's THIRD-PARTY REQUESTS**

Each of TGG's Attachment A's to the sixteen subpoenas is identical. In the interest of brevity, the objectional document requests are consolidated in relevant part below.[1]

*Requests for Production Nos. 1, 2, 3, 4, 5, 6*

All DOCUMENTS constituting, reflecting, or evidencing any COMMUNICATIONS YOU had with PETRAGLIA between October 1, 2018 and July 31, 2019 referring, regarding, or relating to: **SAYVA's services**; . . . ; **SAYVA's business model**; . . . ; **SAYVA's pricing or rates**; . . .; or PETRAGLIA's plans to work for or **employment with SAYVA** . . .. (*Emphasis added.*)

Each request, Nos. 2 through 6, are identical except to substitute RHOADES, SAYVA, TAPKEN, ZERBA, and BUELL for PETRAGLIA.

*Request for Production No. 7*

All DOCUMENTS constituting, reflecting, or evidencing any COMMUNICATIONS YOU had with any of YOUR current or former employees, agents, or representatives (other than YOUR attorneys) between October 1, 2018 and July 31, 2019 referring, regarding, or relating to: **SAYVA's services; SAYVA's business model; SAYVA's pricing or rates; or entering into an agreement with SAYVA.**

/ / /

/ / /

/ / /

---

[1] Due to the compound nature of the requests, the portions to which SAYVA has standing to object to, and hereby does object to, are bolded and underlined.

*Request for Production No. 26*

All DOCUMENTS evidencing **accounting work product provided to YOU by SAYVA.**

*SAYVA's OBJECTIONS*

TGG's claims all stem from alleged misappropriation of TGG's trade secrets by former employees. These trade secrets relate to TGG's work providing outsourced accounting services. TGG's alleges that SAYVA later employed PETRAGLIA and ZERBA, and that they used TGG's confidential material and trade secrets to 1.) solicit former TGG clients; and 2.) service SAYVA clients that were former TGG clients.

The requests for communications and information related to SAYVA's services, SAYVA's business model, SAYVA's pricing or rates, and individual employment with SAYVA ("The Sayva Requests") are overbroad and irrelevant to TGG's claims.

The Sayva Requests have nothing to do with TGG's claims that SAYVA misappropriated *TGG's confidential material and trade secrets*. Rather, this is merely an attempt by TGG to obtain SAYVA's trade secret business information. Communications these third parties had with SAYVA about SAYVA's business model, pricing, rates, or contracts will never support any misappropriation claim. If SAYVA's trade secrets and confidential information were at issue, then these types of requests would be relevant. Those are not the claims, and SAYVA's business model, pricing, rates, and services are irrelevant.

TGG's request for these third-parties' internal communications with their own employees on these topics is even more nebulous. It is inexplicable how TGG can link internal communications within Sash Group, for example, to support a trade secret claim against SAYVA, PETRAGLIA, or ZERBA.

/ / /

/ / /

1    Finally, the request for all work-product provided by SAYVA is obviously fatally overbroad. No attempt to tie this request to the allegations in the case is made at all.

In addition to the objections outlined above, the The Sayva Requests and request for all SAYVA work product will result in the disclosure of trade secrets or other confidential research, development, or commercial information. (F. R. Civ. Proc. 45 (c)(3)(A)(iii) and (B)(i).) Critically, in light of the lack of relevance of the requested material to TGG's claims, a Protective Order alone is not sufficient to mitigate that concern.

### THIRD-PARTY SUBPOENAS TO WHICH SAYVA OBJECTS

Calsense and Bubbly Brands are current SAYVA clients. Sash Group is a former SAYVA client. Zovio is a current SAYVA client that is affiliated with SAYVA's recruiting line of business and **not** its accounting business line. PETRAGLIA and ZERBA work in SAYVA's accounting business line.

Therefore, SAYVA only moves to quash the subpoenas to Calsense, Bubbly Brands, Zovio, and Sash Group given those are the only entities likely to possess responsive documents out of all the entities subpoenaed. However, the fact that SAYVA does not seek to quash these same subpoenas issued to other third parties is not a waiver. As to the Zovio subpoena, Zovio has no connection to Sayva's Accounting Services nor TGG's claims in this action.

///
///
///
///
///
///
///
///

## IV. CONCLUSION

For all of the foregoing reasons, SAYVA respectfully requests that this Court issue an order quashing the third-party subpoenas issued by TGG on October 7, 2020 to Bubbly Brands, Calsense, Sash Group, and Zovio due to their failure to lead to the discovery of admissible evidence and their demand for the disclosure of SAYVA's trade secrets of which are irrelevant to the claims at issue.

DATED: November 6, 2020        TENCERSHERMAN LLP

By: *Jessica Mulvaney*
PHILIP C. TENCER, ESQ.
JESSICA L. MULVANEY, ESQ.
Attorneys for Defendants
SAYVA SOLUTIONS, INC., and
HOLIDAY FOLIAGE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record and by U.S. mail to those parties listed below.

_____
Presley Rumsey

## SERVICE LIST

| | |
|---|---|
| John T. Ryan, Esq.<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130 | Attorneys for Plaintiff<br>TGG MANAGEMENT COMPANY, INC.<br>T: (858) 523-5400; F: (858) 523-5450<br>Email: jake.ryan@lw.com |
| Nicole C. Valco, Esq.<br>Amit Makker, Esq.<br>LATHAM & WATKINS<br>505 Montgomery St, Suite 2000<br>San Francisco, CA 94111 | Attorneys for Plaintiff<br>TGG MANAGEMENT COMPANY, INC.<br>T: (415) 391-0600; F: (415) 395-8095<br>Email: nicole.valco@lw.com;<br>amit.makker@lw.com |
| Miles D. Grant, Esq.<br>Melisa N. McKellar, Esq.<br>Grant & Kessler, APC<br>1331 India Street<br>San Diego, CA 92101 | Attorneys for Plaintiff<br>TGG MANAGEMENT COMPANY, INC.<br>T: 619-233-7078; F: 619-233-7036<br>Email: miles@grantandkessler.com |
| William F. Small, III<br>Small Law PC<br>1350 Columbia St., Suite 700<br>San Diego, CA 92101 | Attorney for Defendants<br>JOHN PETRAGLIA and MEGAN ZERBA<br>T: 619-430-4796; Fax: 619-664-4278<br>Email: will@smalllawcorp.com |
| Duane Horning, Esq.<br>Tracy L. Schimelfenig, Esq.<br>The Rynearson House<br>2441 E Street, Suite 101<br>San Diego, CA 92102 | Attorneys for Defendant<br>SASH GROUP, INC.<br>T: (619) 325-1315<br>Email: tschimelfenig@CBLG.biz |
| Sean D. Flaherty, Esq.<br>Yan Ren, Esq.<br>GORDON & REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101 | Attorneys for Defendant<br>BUBBLY BRANDS, LLC<br>T: (619) 696-6700; F: (619) 696-7124<br>Email: sflaherty@grsm.com;<br>yren@grsm.com |

| | |
|---|---|
| Hazel Mae Pangan<br>Gordon and Rees LLP<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101 | Attorney for Defendant<br>BUBBLY BRANDS, LLC<br>T: (619)696-6700; Fax: (619)696-7124<br>Email: hpangan@grsm.com |
| Christina Denning, Esq.<br>Denning Moores APC<br>12526 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | Attorney for Defendant<br>ERIK RHOADES<br>T: (858) 356-5610<br>Email: DenningC@DenningMoores.com |
| Adam Garson, Esq.<br>GARSON & GUTIERREZ, PC<br>600 B Street, Suite 300<br>San Diego, CA 92101 | Attorney for Defendant<br>GARRETT TAPKEN<br>T: (619) 343-3984<br>Email: adam.garson@garsongutierrez.com |