UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC. (dba TGG ACCOUNTING),<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN PETRAGLIA; MEGAN ZERBA; SAYVA SOLUTIONS, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No.:  19cv2007-BAS(KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENAS**<br><br>**[Doc. No. 110.]** |

　　　Defendant Sayva Solutions, Inc. ("Sayva") has filed a Motion to Quash Subpoenas to Zovio, Inc.; Bubbly Brands, LLC; Sash Group, Inc.; and California Sensor Corporation, dba Calsense.  [Doc. No. 110.]  In addition, non-party Bubbly Brands, LLC, filed a Response in support of the Motion to Quash.  [Doc. No. 115.]  Plaintiff has filed an Opposition to this Motion.  [Doc. No. 114.]  Lastly, defendant Sayva filed a Reply to plaintiff's Opposition.  [Doc. No. 116.]  For the reasons outlined more fully below, the Court finds that Sayva's Motion to Quash must be GRANTED.

## *Background*

　　　Plaintiff provides accounting and business advisory services for business clients and has developed an accounting and finance system referred to as "The TGG Way." The Complaint alleges that plaintiff discovered through forensic analysis that its former

employees misappropriated trade secrets by copying plaintiff's proprietary information and trade secrets before they left their employment with plaintiff. These employees then went to work for defendant Sayva, an alleged competitor of plaintiff, and allegedly used plaintiff's confidential and proprietary information to build an accounting division by improperly soliciting plaintiff's clients. [Doc. No. 114, at pp. 1-2.]

Prior to engaging in party discovery, plaintiff served Rule 45 subpoenas on non-parties seeking documents and information about Sayva's business services, business model, and pricing, or rates, as well as any business agreements with Sayva. [Doc. No. 110, at p. 2.] In the Motion to Quash, Sayva seeks to quash the subpoenas served by plaintiff on non-parties Zovio, Inc.; Sash Group, Inc.; California Sensor Corporation, dba Calsense; and Bubbly Brands, LLC. [Doc. No. 110, at p. 2.] These entities were served with the subpoenas because they are plaintiff's former clients, and some may be current clients of Sayva.[1] [Doc. No. 114, at p. 2.] From these entities, plaintiff hopes to discover the extent to which its confidential and proprietary information was used by Sayva and/or its former employees to solicit plaintiff's business and then unfairly compete with plaintiff. [Doc. No. 114, at pp. 2, 5.] Plaintiff also hopes to discover whether Sayva represented to these entities that it could provide the same services as plaintiff, had the same business model as plaintiff, and/or could offer competitive pricing and rates. [Doc. No. 114, at p. 5.]

## *Discussion*

The parties' papers raise several legitimate concerns with plaintiff's subpoenas. First, Sayva contends, and the Court agrees, that the subject subpoenas are overly broad on their face. Using sweeping terms such as "any," the subpoenas broadly seek access to "communications" and "accounting work product" that refer or relate to Sayva's business

---

[1] Sayva represents that Zovio, Inc. is not a client of its accounting services, so it questions how this entity could have any relevant documents or information. [Doc. No. 116, at p. 4.]

model, pricing, or rates, or that evidence the plans of five of plaintiff's former employees to work for Sayva or enter into an agreement with Sayva. [Doc. No. 110, at pp. 4-5.] Although there were some meet and confer efforts before Sayva's Motion was filed,[2] it does not appear that plaintiff fully cooperated with the meet and confer requirements of this Court or made any attempt to narrow the scope of the requests.[3] [Doc. No. 110, at p. 3.] Accordingly, the Court finds that the subject subpoenas must be quashed as overly broad.

Second, the response of Bubbly Brands, who is one of the entities served with a subpoena and who was previously dismissed from the case, explains that it has concluded its prior business relationship with plaintiff, and the subpoenas seek disclosure of proprietary documents without a protective order. [Doc. No. 115, at pp. 2-3.] Sayva also raises this concern on behalf of the other non-parties who were served with the subject subpoenas. [Doc. No. 110, at p. 2.] Confidentiality is a legitimate concern that has not been addressed by plaintiff. Therefore, Bubbly Brands and the other non-parties should not be required to disclose documents and information they consider confidential or proprietary without a suitable protective order.

Third, Bubbly Brands represents that the subpoenas are not specific enough so that it clearly understands what should be produced. Citing "conclusory labels," Bubbly

---

[2] Local Rule 26.1(a) states in part as follows: "The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. . . . Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1(a). Because of the current public health emergency, counsel may satisfy the meet and confer requirements by telephone or other remote means even if their offices are in the same county.

[3] Particularly when a party stands on an overly broad request and does not make a reasonable attempt to narrow it or to explain the need for such a broad range of documents and/or information, the Court will not "rewrite a party's discovery request to obtain the optimum result for that party. That is counsel's job." *Bartolome v. City and County of Honolulu*, 2008 WL 2736016, at 14 (D. Hawaii July 14, 2008).

Brands argues that it "should not be left to guess at its own expense." [Doc. No. 115, at p. 3.]  As outlined above, the subpoenas are overly broad, so Bubbly Brands has raised a legitimate concern.

Fourth, Bubbly Brands represents that it has already spent thousands of dollars to collect and respond to document requests on an expedited basis in connection with plaintiff's request for a preliminary injunction.  Responding to the present subpoena would require Bubbly Brands to incur thousands of dollars in additional costs without a showing that it seeks relevant information that is unavailable from parties to the action. [Doc. No. 115, at p. 3.]   For example, Bubbly Brands believes it would have to collect, review, and produce e-mails to respond to the subpoena, which would be "very costly." [Doc. No. 115, at p. 4.]  Bubbly Brands also does not believe plaintiff has even attempted to avoid undue burden and expense to non-parties as it is required to do under Federal Rule 45(d)(1).

Federal Rule of Civil Procedure 45(d)(1) states in part as follows:  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  In addition, Federal Rule 45(d)(3) provides that a subpoena must be quashed or modified if it "subjects a person to undue burden."  Fed.R.Civ.P. 45(d)(3).

As noted above, Sayva represents that plaintiff served the subject subpoenas "[b]efore engaging in party discovery." [Doc. No. 110, at p. 2.]  Without more, it is this Court's view that Sayva and/or the individual defendants are likely to possess or have knowledge of all the documents and information plaintiff seeks in response to the subject non-party subpoenas.  It is therefore apparent that plaintiff served the subject subpoenas on the non-parties without taking reasonable steps to avoid placing an undue burden on them.  Therefore, the Court finds that the subject subpoenas must be quashed as overly burdensome pursuant to Federal Rule 45(d)(3).

/ / /

/ / /

### *Conclusion*

For the reasons outlined more fully above, IT IS HEREBY ORDERED that Sayva's request for an order quashing the third-party subpoenas outlined above is GRANTED. Accordingly, third parties Zovio, Inc.; Bubbly Brands, LLC; Sash Group, Inc.; and California Sensor Corporation, dba Calsense, are not obligated to respond to the subpoenas or to disclose any documents or information to plaintiff.

IT IS SO ORDERED.

Dated: February 2, 2021

Hon. Karen S. Crawford
United States Magistrate Judge