UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC. (DBA TGG ACCOUNTING),<br><br>Plaintiff,<br><br>v.<br><br>JOHN PETRAGLIA; MEGAN ZERBA; SAYVA SOLUTIONS, INC.; et al.,<br><br>Defendants. | Case No.: 19cv2007-BAS(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE PLAINTIFF'S RESPONSES TO DOCUMENT REQUESTS**<br><br>**[Doc. No. 134.]** |

Before the Court is a Joint Motion for Determination of Discovery Dispute regarding plaintiff's responses to Document Request Nos. 45, 46, 47, and 48 served by defendants Sayva Solutions, Inc. and Holiday Foliage, Inc. For the reasons outlined more fully below, the Court finds that defendants' request for an order compelling plaintiff to produce all documents responsive to these requests must be GRANTED. [Doc. No. 134.]

### *Background*

Plaintiff provides accounting and business advisory services for business clients and has developed an accounting and finance system referred to as "The TGG Way." The Complaint alleges that plaintiff discovered through forensic analysis that its former employees misappropriated trade secrets by copying plaintiff's proprietary information and trade secrets before they left their employment with plaintiff. These employees then

went to work for defendant Sayva Solutions, Inc. ("Sayva"), an alleged competitor of plaintiff, and allegedly used plaintiff's confidential and proprietary information to build an accounting division by improperly soliciting plaintiff's clients. [Doc. No. 114, at pp. 1-2.]

### *Discussion*

Defendants' Document Request Nos. 45, 46, 47, and 48 seek disclosure of any trade secrets that plaintiff believes defendants misappropriated. [Doc. No. 134, at p. 5.] Plaintiff responded to these requests with boilerplate objections but also stated it would "produce a list of all documents that [plaintiff] believes [defendants] misappropriated. Discovery is continuing." [Doc. No. 134, at p. 5.]

As defendants contend, it is plaintiff's burden to identify any trade secrets that it believes defendants misappropriated. [Doc. No. 134, at p. 6, citing *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (stating that "a plaintiff who seeks relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist").

There is no dispute between the parties as to the relevance and importance of the documents defendants seek in response to Document Request Nos. 45, 46, 47, and 48. [Doc. No. 134, at p. 7.] In the Joint Motion, plaintiff concedes that "[defendants'] attorneys and experts should be afforded the opportunity to inspect the documents to enable them to prepare their defense." [Doc. No. 134, at p. 7.]

Plaintiff offers only two reasons it has not produced the documents. First, at the time the Joint Motion was filed, a protective order had not yet been entered in the case to protect confidentiality concerns. [Doc. No. 134, at p. 7.] A confidentiality Protective Order is now in place [Doc. No. 140], so this reason is no longer a valid one.

Second, plaintiff contends that defendants "are already in possession of a majority of the misappropriated documents," and plaintiff "took great lengths to identify with particularity the items that they deem trade secret via its Complaint" and other documents previously filed in the case in connection with its Motion for Preliminary Injunction.

[Doc. No. 134, at p. 8.]  In plaintiff's view, it is "unreasonable and burdensome" for defendants to expect plaintiff to produce documents that defendants "and their expert already have in their possession and control."[1] [Doc. No. 134, at p. 8.]

Plaintiff's contention that defendants already have most of the misappropriated documents in their possession and control is apparently based on statements Sayva made in a prior filing while plaintiff's Motion for Preliminary Injunction was pending before the District Court.  [Doc. No. 134, at pp. 7, 9-10.]  In this regard, Sayva filed an Opposition to Plaintiff's Motion for Expedited Discovery on November 20, 2019.  [Doc. No. 44.]  In this Opposition, Sayva represented that it had retained a third-party vendor, iDiscovery Solutions, to conduct a forensics investigation.  The purpose of this investigation was to "identify, preserve, and remediate all [of plaintiff's] documents copied by [defendants Petraglia and Zerba] . . . that reside on any computer, device, or server used by [defendant Sayva] and its employees." [Doc. No. 44, at p. 6.]  Sayva's plan was to have iDiscovery Solutions isolate and remove any such documents from its computer system and have them preserved for this litigation. [Doc. No. 44, at pp. 4-14.] Statements made by Savya about the forensics investigation were also supported by declarations.  [Doc. Nos. 44-1, 44-2.]

Plaintiff did offer to produce "an example of each type of trade secret that was misappropriated so that defendants can compare those documents to the documents [defendants] produced to [plaintiff]." [Doc. No. 134, at p. 8.]  Understandably,

---

[1]   Plaintiff also complains in the Joint Motion that it has "yet to see the universe of documents collected by iDS" and refers to other disputes over defendants' responses to plaintiff's discovery requests. [Doc. No. 134, at pp. 10-12.] However, these issues are not currently before the Court.  The parties' Joint Motion was filed to raise disputes related to plaintiff's responses to defendants' document requests, not to determine whether defendants have satisfied their discovery obligations to plaintiff.  Plaintiff's remedy, of course, is to meet and confer and follow the Chambers Rules to timely file its own joint motion if it is unable to resolve its disputes with defendants without the Court's assistance.

defendants rejected plaintiff's offer "to produce exemplars of its trade secrets." [Doc. No. 134-1, at p. 3.] Defendants explain their belief in the Joint Motion that many of the documents at issue in the case, such as Excel workbooks and Excel formulas that are used in general accounting, cannot constitute plaintiff's trade secrets. For their defense, it is therefore "critical" for plaintiff to specifically identify all documents believed to include trade secrets that were allegedly misappropriated by producing all documents responsive to Request Nos. 45, 46, 47, and 48. [Doc. No. 134, at p. 6.] Therefore, the Court finds that defendants are entitled to an order compelling plaintiff to produce all documents responsive to Document Request Nos. 45, 46, 47, and 48.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendants' request for an order compelling plaintiff to produce all documents responsive to Document Request Nos. 45, 46, 47, and 48 is GRANTED. Plaintiff must produce all documents responsive to Document Request Nos. 45, 46, 47, and 48 ***within ten (10) days of the date this Order is entered***.

IT IS SO ORDERED.

Dated: May 12, 2021

Hon. Karen S. Crawford
United States Magistrate Judge