UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN PETRAGLIA, et al., <br><br> Defendants. | Case No. 19-cv-2007-BAS-KSC <br><br> **ORDER DENYING DEFENDANT SAYVA SOLUTIONS, INC.'S MOTION FOR LEAVE TO FILE COMPULSORY COUNTERCLAIM (ECF No. 121)** |

In this action for misappropriation of trade secrets, Defendant Sayva Solutions, Inc. ("Sayva") filed a motion for leave to file compulsory counterclaims ("Motion") against Plaintiff TGG Management Company, Inc. ("TGG"). (ECF No. 121.) Plaintiff filed an Opposition (ECF No. 142), and Sayva filed a Reply. (ECF No. 144.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Because Sayva has not shown good cause to modify the Scheduling Order entered in this action under Federal Rule of Civil Procedure 16, the Court **DENIES** Sayva's Motion.

//

//

## I. Background

On October 21, 2019, TGG initiated the present action in federal court. (ECF No. 1.) On September 9, 2020, United States Magistrate Judge Karen S. Crawford issued a Scheduling Order under Federal Rule of Civil Procedure 16. (ECF No. 103.) The Scheduling Order set October 2, 2020, as the deadline to file any motion to amend pleadings. (*Id.*)

On October 13, 2020, Sayva commenced a state court action against TGG, raising causes of action under sections 16600 and 17200 of the California Business and Professions Code. (ECF No. 121-2.) The presiding state court issued a tentative ruling sustaining TGG's demurrer, which the court confirmed on January 26, 2021. (*Id.*) On February 19, 2021, Sayva filed an amended complaint in state court. (ECF No. 142-2.) On the same day, Sayva filed the present Motion, seeking leave to file counterclaims against TGG in federal court. (ECF No. 121.)

## II. Analysis

### A. Rule 16 of the Federal Rules of Civil Procedure Applies.

Sayva posits that Rule 15 of the Federal Rules of Civil Procedure governs the standard under which the Court should rule on its Motion. TGG argues that Rule 16(b) governs instead because Sayva filed its Motion after the deadline to do so had expired.

The same factors used to assess a request for leave to amend a pleading also apply to assess a request for leave to file a counterclaim. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Generally, Federal Rule of Civil Procedure 15(a) governs a motion for leave to amend pleadings when a party seeks to amend after twenty days from the date when the initial complaint was served. Under that rule, "a party may amend [its] pleading only by leave of court or by written consent of the party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

However, where, as here, a motion for leave to amend is filed after entry of a Rule 16 scheduling order, Rule 16's standards control. *Johnson v. Mammoth Recreations, Inc.*, 975

F.2d 604, 607–08 (9th Cir. 1992); *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[A] motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)."). This is because considering a motion for leave to amend without regard to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems*, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard is "more stringent" than that of Rule 15(a). *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). Whereas Rule 15(a) focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. Only after a showing of good cause under Rule 16(b)(4) has been made will a court apply Rule 15(a). *Id.* at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987)).

### B.     Sayva Has Not Shown Good Cause

The threshold issue for determination is whether Sayva has shown good cause to modify its deadline to file counterclaims. Under Rule 16(b)'s good cause standard, the moving party is generally required to show:

> (1) that the movant was diligent in assisting the Court in creating a workable Rule 16 Order; (2) that the movant's noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the movant's diligent efforts to comply because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that the movant was diligent in seeking amendment of the Rule 16 Order once it became apparent that the movant could not comply with the Order.

*Jackson*, 186 F.R.D. at 608.

Here, Sayva does not make the threshold showing that its noncompliance with the Rule 16 deadline can be explained by unforeseen development of matters that it could not have avoided with a diligent effort to litigate this action. Sayva argues that it was diligent in filing its state-court action in October 2020, raising substantially the same claims as the counterclaims that it seeks to raise now, after suffering harm in "mid 2020." (Mot., ECF No. 121 at 6:26–27.) More precisely, according to Sayva's counsel, the injury that Sayva allegedly sustained from TGG's action did not ripen until June 2020. (Mulvaney Decl. at ¶ 3, ECF No. 121-1.) Assuming without deciding that Sayva could not have foreseen the need to raise its counterclaims before June 2020, and setting aside other factual disputes, Sayva had four months to raise counterclaims by the October 2 deadline. The Court finds that Sayva had enough time to comply with the Rule 16 deadline with reasonable diligence.

Instead, Sayva chose to bring a state court action on October 13, 2020, after the Rule 16 deadline had passed. To the extent that Sayva argues the Court should excuse the untimeliness of the Motion based on Sayva's mistaken belief that its counterclaims were permissive, not compulsory, the argument lacks merit. At best, Sayva's mistake explains why Sayva chose to bring a new action in state court instead of raising counterclaims in the present federal action. Sayva's litigation strategy turned out to be unsuccessful when the state court determined that Sayva's claims are compulsory counterclaims to TGG's claims filed against Sayva in this action. Sayva chose a deliberate litigation strategy, and it did not succeed. That is not enough to justify Sayva's non-compliance with the Rule 16 Scheduling Order in this action.

Therefore, the Court does not find that good cause exists to amend the Scheduling Order. Having found that Sayva has not satisfied Rule 16(b)'s good cause standard, the Court need not reach the analysis under Rule 15. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." (quoting *Johnson*, 975 F.2d. at 609)).

//

### III.  CONCLUSION

Accordingly, the Court **DENIES** Sayva's motion for leave to file compulsory counterclaims. (ECF No. 121.)

**IT IS SO ORDERED.**

DATED: June 1, 2021

Hon. Cynthia Bashant
United States District Judge