UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC. (DBA TGG ACCOUNTING),<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN PETRAGLIA; MEGAN ZERBA; SAYVA SOLUTIONS, INC.; et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  19cv2007-BAS(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE DISCOVERY RESPONSES BY JOHN PETRAGLIA AND MEGAN ZERBA**<br><br>**[Doc. No. 146.]** |

Before the Court is a Joint Motion for Determination of Discovery Dispute filed by plaintiff TGG Management Company, Inc. ("TGG") and individual defendants John Petraglia and Megan Zerba.  [Doc. No. 146.]  In the Joint Motion, TGG contends that Mr. Petraglia and Ms. Zerba have not provided satisfactory responses to special interrogatories and document requests and have not performed a thorough search of all possible places where responsive documents and information could be located.  TGG wants the Court to order these defendants to search all sources; produce any additional responsive documents; and provide TGG with a declaration setting forth a complete list of search terms used as well as all locations searched.  [Doc. No. 146, at p. 3.]

For the reasons outlined more fully below, the Court finds that TGG's request for an order compelling Mr. Petraglia and Ms. Zerba to provide further responses to TGG's discovery requests must be GRANTED. [Doc. No. 146.]

### *Background*

Plaintiff provides accounting and business advisory services for business clients and has developed an accounting and finance system referred to as "The TGG Way." The Complaint alleges that plaintiff discovered through forensic analysis that its former employees, Mr. Petraglia and Ms. Zerba, misappropriated trade secrets by copying plaintiff's proprietary information and trade secrets before they left their employment with plaintiff. These employees then went to work for defendant Sayva Solutions, Inc. ("Sayva"), an alleged competitor of plaintiff, and allegedly used plaintiff's confidential and proprietary information to build an accounting division by improperly soliciting plaintiff's clients. [Doc. No. 114, at pp. 1-2.]

### *Discussion*

As background, Sayva retained a third-party vendor, iDiscovery Solutions ("iDS"), in November 2019 to conduct a forensics investigation. The purpose of this investigation was to "identify, preserve, and remediate all [of plaintiff's] documents copied by [defendants Petraglia and Zerba] . . . that reside on any computer, device, or server used by [defendant Sayva] and its employees." [Doc. No. 44, at p. 6.] Sayva's plan was to have iDS isolate and remove any such documents from its computer system and have them preserved for this litigation. [Doc. No. 44, at pp. 4-14.]

During the meet and confer process on the current dispute, TGG was advised that as part of the investigation by iDS, TGG documents were removed by iDS from Mr. Petraglia's work and personal devices and stored for purposes of this litigation. [Doc. No. 146, at p. 2; Doc. No. 146-1, at p. 2.] Mr. Small, counsel for Mr. Petraglia and Ms. Zerba, agreed to investigate the location of documents removed from Mr. Petraglia's devices, produce them, and provide TGG with amended responses. Thereafter, Mr. Petraglia and Ms. Zerba provided TGG with revised responses and produced

responsive documents, but TGG does not believe these defendants have done enough to ensure that all responsive documents have been produced. [Doc. No. 146, at p. 2.]

TGG offers three reasons why it believes responses to document requests by Mr. Petraglia and Ms. Zerba are still not adequate and why it believes that Mr. Petraglia and Ms. Zerba have not performed a thorough search of all places where responsive documents and information could be located. First, these defendants did not produce any text messages, and TGG is in possession of text messages from third parties that would be responsive to TGG's discovery requests. [Doc. No. 146, at p. 4.] According to TGG, Mr. Small indicated that iDS removed text messages from Mr. Petraglia's phone, and, if that is the case, TGG contends Mr. Petraglia should be able to coordinate with iDS to produce responsive text messages. [Doc. No. 146, at p. 4.]

Second, TGG has copies of several emails sent by Mr. Petraglia and Ms. Zerba from their TGG e-mail accounts to Mr. Petraglia's personal account that "were never produced." [Doc. No. 146, at p. 4.] According to TGG, its trade secrets were attached to these e-mails. [Doc. No. 146, at p. 4.]

Third, defendant Sayva produced an email between two of its executives, and the content of this e-mail indicates Mr. Petraglia "gave to 'Chollada,' a former Sayva employee, 'some stuff to use for Sayva accounting, including TGG's 13-month cash flow.'" [Doc. No. 146, at p. 4.] Based on the content of this e-mail between two Sayva executives, TGG believes there must be another e-mail from Mr. Petraglia to "Chollada" with TGG's documents attached. However, TGG reports that no such document was produced even though it would be responsive to Document Request No. 2. [Doc. No. 146, at pp. 4-5.]

In the Joint Motion, Mr. Petraglia and Ms. Zerba do not directly or specifically address TGG's reasons for believing their responses are inadequate or incomplete. Rather, they submitted a supporting Declaration by their counsel, Mr. Small, which is somewhat informative but ambiguous. According to Mr. Small, TGG provided him with a list of search terms and the locations to be searched, and Mr. Small communicated

those to Mr. Petraglia and Ms. Zerba. Mr. Petraglia and Ms. Zerba then provided TGG with verified responses to each document request. [Doc. No. 146-2, at pp. 2-3.]

On the other hand, Mr. Small's Declaration states that the responses indicate Mr. Petraglia and Ms. Zerba do not have possession, custody, or control of potentially responsive documents and information that were removed from devices as part of the iDS forensics examination. Curiously, however, Mr. Small's Declaration indicates Ms. Petraglia and Ms. Zerba were able to access "emails that were remediated [by iDS] from Petraglia's personal email, which were provided to Petraglia's counsel." [Doc. No. 146-2, at p. 2.] This limited set of documents was then searched, and responsive documents were previously produced to TGG. [Doc. No. 146-2, at p. 2.]

Mr. Small's Declaration appears evasive, because it does not address the information presented by TGG suggesting it is possible some responsive documents and information have not been produced by Mr. Petraglia and Ms. Zerba. The Court is aware that Sayva is the party that retained iDS and took responsibility for having TGG's documents and information removed from its own system and devices and from individual devices belonging to Mr. Petragalia and Ms. Zerba. However, the Court is also aware that the documents and information were preserved and maintained by iDS for purposes of this litigation. In the Court's view, this does not mean that the defendants no longer have possession, custody, or control over the documents and information and can avoid responding fully to discovery requests. In other words, there does not appear to be any reason why Mr. Small, as counsel for Ms. Petraglia and Ms. Zerba, could not coordinate with iDS to respond to the information presented by TGG which suggests some responsive documents and information may not have been produced. Therefore, the Court finds that TGG's request for an order requiring Mr. Petraglia and Ms. Zerba to clarify their responses to TGG's document requests must be GRANTED.

///

///

///

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that TGG's request for an order compelling Mr. Petraglia and Ms. Zerba to provide further responses to TGG's document requests must be GRANTED.  IT IS FURTHER ORDERED that:

1. To the extent they have not already done so, Mr. Petraglia and Ms. Zerba must search all sources reasonably likely to contain relevant documents and information using the search times provided by TGG.  If any additional documents or information are located, they must be produced within ten (10) days of the date this Order is entered.

2. Within ten (10) days of the date this Order is entered, Mr. Petrgalia and Ms. Zerba must provide TGG with declarations setting forth a complete list of all places they personally searched for responsive documents and information and what search terms were used for the searches.

3. Within ten (10) days of the date this Order is entered, counsel for Mr. Petrgalia and Ms. Zerba must contact iDS and provide TGG with a Declaration addressing the information presented by TGG in the Joint Motion, which suggests it is possible some responsive documents and information have not been produced by Mr. Petraglia and Ms. Zerba.

IT IS SO ORDERED.

Dated:  June 17, 2021

Hon. Karen S. Crawford
United States Magistrate Judge