# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGG MANAGEMENT COMPANY, INC.,<br><br>                    Plaintiff,<br><br>  v.<br><br>JOHN PETRAGLIA, *et al.*,<br><br>                    Defendants. | Case No. 19-cv-02007-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ACTION WITH PREJUDICE (ECF No. 170);**<br><br>**(2) DENYING AS MOOT ECF NOs. 147, 151, 152, 162; AND**<br><br>**(3) ENTERING PERMANENT INJUNCTION** |

Pending before the Court is a joint motion for entry of stipulated permanent injunction and dismissal with prejudice ("Joint Motion") filed by Plaintiff TGG Management Company, Inc. ("TGG") and Defendants John Petraglia ("Petraglia"), Megan Zerba ("Zerba"), Sayva Solutions, Inc. ("Sayva"), and Holiday Foliage, Inc. ("HF"). (ECF No. 170.) TGG, Petraglia, Zerba, Sayva, and HF (collectively, "the settling parties") represent that they have agreed to settle the claims and request TGG's action be dismissed with prejudice. The Court has previously dismissed TGG's claims against the non-settling parties, Bubbly Brands and Sash Group, by granting those parties' Rule 12 motion. (ECF No. 93.)

Because no claims are pending against any Defendant, the Court **GRANTS** TGG's request to dismiss this action with prejudice. The following motions are thus **DENIED AS MOOT**: joint motion for discovery (ECF No. 147); motion to amend pleading (ECF No. 151); motion to file documents under seal (ECF No. 152); and *ex parte* motion for discovery (ECF No. 162). The dismissal of this action has no effect on the Court's authority to adjudicate Bubbly Brands's motion for attorney's fees (ECF No. 167) and the related sealing applications (ECF Nos 168, 173, 176). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (holding that the court can consider collateral issues after an action is no longer pending, including motions for costs or attorney's fees).

The settling parties request the stipulated permanent injunction be entered against Petraglia, Zerba, and Sayva. The Court, having reviewed the Joint Motion, **GRANTS** the request for entry of permanent injunction against Petraglia, Zerba, and Sayva. Accordingly, the Court **ORDERS** as follows:

//
//
//
//
//
//

## PERMANENT INJUNCTION

(1) Defendants Petraglia, Zerba, and Sayva (including any representatives, agents, employees, officers, directors, partners, subsidiaries, or any other persons under their control or acting in concert with them, which specifically includes Sayva SAS, LLC and its officers, employees, and members) are permanently enjoined from accessing, copying, or using any of TGG's documents or derivatives thereof, including:

    (a)    TGG's QuickBooks Accounting File (including any backups);

    (b)    TGG's Quality Assurance materials;

    (c)    any TGG financial and accounting workbooks or workbook templates, including the following:

        (i)    accounting workbooks/working papers and sub-schedules, including month-end close workbooks for corporations, month-end close workbooks for partnerships, month-end close workbooks for limited liability companies (LLCs), a process for "rolling over" templates from one accounting period to the next;

        (ii)    process documentation for accounts payable, accounts receivable, bank reconciliations, cash flow reporting, credit card processing, fixed assets, inventory, month-end close procedures, payroll and revenue recognition, cash drawers, cash receipts and deposits, wire transfers, and check signing authority;

        (iii)    documents for reporting Quality Assurance results;

  (iv) working papers and schedules for financial statements, including accrued liability schedule, capital lease schedule, convertible notes schedule, deferred rent schedule, loan amortization schedule, fixed asset schedule, prepaid expense schedule, AP tracker template, credit card receipt tracker template, insurance schedule, employee tracker template, intangible asset schedule, IRS Form 941 quarterly reconciliation template, weekly client update template, breakeven analysis template, capitalization table template, tax return (schedule L) to balance sheet reconciliation template, triple bottom line template, covenant compliance template, key advisors list template, cash forecasting template, templates specific to and inventory-based business, and month-end checklists; and

  (v) any other financial statements or financial models prepared by TGG;

 (d) TGG's sales and marketing materials;

 (e) TGG customer lists and information;

 (f) TGG's Utilization Report;

 (g) TGG's internal training and instruction materials, including for how to use the templates, workbooks, and schedules described above in Paragraph (1)(c);

 (h) any other materials copied or downloaded from TGG's computer systems by Petraglia and Zerba to any external drives, personal email accounts, or cloud storage accounts; and

 (i) any files derived from the above categories.

(2) Defendants Petraglia, Zerba, and Sayva are enjoined from using any of the foregoing documents to solicit business from any current TGG clients whose information is contained in the materials described in Paragraph (1).

(3) Within 30 days of the entry of this Permanent Injunction, Defendants Petraglia, Zerba, and Sayva will return all of TGG's materials listed above in Paragraph (1) within their possession, custody, or control to TGG, to the extent not already returned to TGG. This Paragraph (3) shall apply to any materials that are discovered to be in Defendants Petraglia's, Zerba's, or Sayva's possession after entry of this Permanent Injunction. In addition, Defendants Petraglia, Zerba, and Sayva will instruct their consultant, iDiscovery Solutions, to destroy all of TGG's materials in its possession or custody within 30 days of entry of this Permanent Injunction.

(4) Defendants Petraglia, Zerba, and Sayva will return to TGG any external drives or USB storage devices that contain TGG documents, to the extent not already returned. This Paragraph (4) shall apply to any external drives or USB storage devices that are discovered to be in Defendants Petraglia's, Zerba's, or Sayva's possession after entry of this Permanent Injunction.

(5) Within 7 days of entry of this Permanent Injunction, Sayva shall provide a copy of this Permanent Injunction to each of its owners, directors, officers, and to all of its employees and independent contractors providing outsourced accounting services.

(6) This Permanent Injunction shall apply to any other business enterprise operated by Defendants Petraglia or Zerba, and to any successor corporation, entity, partnership, or business organization of Sayva.

(7) This Permanent Injunction shall not apply to any of the documents listed in Paragraphs (1)(a) – (1)(i) that become public knowledge through a source other than Defendants Petraglia, Zerba, or Sayva and through no fault of Defendants Petraglia, Zerba, or Sayva.

**IT IS SO ORDERED.**

**DATED: August 3, 2021**

Hon. Cynthia Bashant
United States District Judge